IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:06-CV-130-D

| | |
|---|---|
| VERNELL B. LLOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NEW HANOVER REGIONAL ) | |
| MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

On April 28, 2008, plaintiff Vernell B. Lloyd ("plaintiff") filed a motion to compel defendant New Hanover Regional Medical Center ("defendant") to provide complete responses to certain interrogatories and requests for production of documents [D.E. 43]. On May 15, 2008, defendant responded with a motion to dismiss plaintiff's motion to compel because plaintiff's motion and supporting memorandum violated multiple local rules of this court [D.E. 48]. On May 23, 2008, plaintiff replied with a motion to stay ruling on defendant's motion for summary judgment pending resolution of plaintiff's motion to compel [D.E. 57]. On May 30, 2008, plaintiff also filed a motion to amend her motion to compel and memorandum in support thereof [D.E. 60] and an amended motion to compel [D.E. 61]. Defendant responded in opposition to plaintiff's various motions [D.E. 68, 69].

The various motions at issue center around plaintiff's motion to compel and this court's local rules. In her motion to compel, plaintiff failed to list the specific discovery requests at issue and thereby violated Local Civil Rule 7.1(c), EDNC. Plaintiff's counsel also failed to consult with defendant's counsel in good faith about resolving the discovery dispute before filing the motion to compel and failed to include a certification of good faith communication in plaintiff's motion to

compel. Plaintiff thereby violated Local Civil Rule 7.1(c), EDNC. Finally, plaintiff's memorandum in support of her motion to compel was twenty-four pages long and thereby violated the ten-page limit in Local Civil Rule 7.2(e), EDNC.

Plaintiff characterizes these multiple violations as technical and non-prejudicial. See Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss Pl.'s Mot. to Compel 4–9. The court disagrees. The local rules at issue promote the orderly resolution of discovery disputes. Indeed, the purpose underlying the good faith certification in Local Civil Rule 7.1(c) is to attempt to obviate the need to file a motion to compel through good faith communication. When a party files a motion to compel, yet fails to comply with Local Civil Rules 7.1(c) and 7.2(e), the court may deny the motion. See, e.g., Higgins v. Spence & Spence, P.A., No. 5:07-CV-33-D(1), 2009 WL 536069, at *2–*3 (E.D.N.C. Mar. 3, 2009) (unpublished) (analyzing failure to comply with Local Civil Rule 7.1, EDNC); Rich Food Servs., Inc. v. Rich Plan Corp., No. 5:99-CV-677-BR(2), 2002 U.S. Dist. LEXIS 27791, at *4–*6 (E.D.N.C. June 17, 2002) (unpublished) (same); accord Nationwide Mut. Ins. Co. v. McMahon, 365 F. Supp. 2d 671, 673 (E.D.N.C. 2005); MCI Constr., LLC v. Hazen & Sawyer, P.C., 211 F.R.D. 290, 291–92 (M.D.N.C. 2002).

In this case, plaintiff has failed to justify her violations of Local Civil Rules 7.1(c) and 7.2(e). Moreover, the court finds that the violations were prejudicial to defendant and the orderly administration of justice. Accordingly, plaintiff's motion to compel [D.E. 43] is DENIED.

In light of the court's decision to deny the motion to compel, defendant's motion to dismiss plaintiff's motion to compel [D.E. 48] is DENIED as moot. Likewise, plaintiff's motion to stay ruling on defendant's motion for summary judgment pending resolution of plaintiff's motion to compel [D.E. 57] is DENIED as moot. Finally, plaintiff's motion to amend her motion to compel and memorandum in support thereof [D.E. 60] and her amended motion to compel [D.E. 61] are DENIED as untimely under Local Civil Rule 7.1(a), EDNC and as an attempt to avoid the consequences of violating this court's local rules in connection with plaintiff's motion to compel.

2

Case 7:06-cv-00130-D Document 72 Filed 03/11/09 Page 2 of 3

SO ORDERED. This \_11\_ day of March 2009.

                                                JAMES C. DEVER III
                                                United States District Judge